IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| CLIFFORD A. SEXTON, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting | *   No. 1:16CV00023-JJV |
| Commissioner, Social Security | * |
| Administration | * |
| | * |
| Defendant. | * |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Clifford Sexton, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"). For reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

**I.    BACKGROUND**

On July 2, 1013, Mr. Sexton protectively filed for SSI benefits due to diabetes and a bad knee. (Tr. 163, 187.) Mr. Sexton's claims were denied initially and upon reconsideration. At Mr. Sexton's request, an Administrative Law Judge ("ALJ") held a hearing on October 9, 2014, where Mr. Sexton appeared with his lawyer. At the hearing, the ALJ heard testimony from Mr. Sexton and a vocational expert. (Tr. 26-53.) The ALJ issued a decision on December 19, 2014, finding that Mr. Sexton was not disabled under the Act. (Tr. 11-19.) The Appeals Council denied Sexton's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3.)

Mr. Sexton, who was fifty-five years old at the time of the hearing, has an eleventh grade education and earned a general equivalence diploma. (Tr. 27.) He has past relevant work as a dump truck driver. (Tr. 17.)

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Sexton had not engaged in substantial gainful activity since July 2, 2013, and has the following severe impairments: type 2 diabetes, diabetic neuropathy, and obesity. (Tr. 13.) However, the ALJ found that Mr. Sexton did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14.) According to the ALJ, Mr. Sexton has the residual functional capacity to do the full range of medium work. (Tr. 14.) Given an ability to perform medium work, the ALJ determined Plaintiff could perform his past relevant work as a dump truck driver. (Tr. 17.) Accordingly, the ALJ determined Mr. Sexton was not disabled. (Tr. 18.)

## III. ANALYSIS

### A. Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

[2]420 C.F.R. §§ 416.920(d), 416.925, and 416.926.

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

### B.   Mr. Sexton's Argument for Reversal

Mr. Sexton asserts the Commissioner's decision should be reversed because the ALJ erred in finding his back and knee impairments were non-severe. (Doc. No. 11 at 5-6.) Upon close inspection of the record, I agree.

### C.   Mr. Sexton's Knee and Back Impairments

The ALJ stated, "The record establishes that the claimant suffers from *chronic back pain* due to osteoarthritis; diabetes; and obesity, which are more than slight abnormalities and have more than a minimal effect on the claimant's ability to do basic physical or mental work activities." (Tr. 13.) (emphasis added.)  The ALJ then stated, "The claimant was assessed with osteoarthritis while receiving treatment in prison in 2000 (14F).  However there is nothing in the claimant's more recent treatment records to show that he has continued to receive treatment for this impairment.  Therefore, the back pain due to osteoarthritis is considered a nonsevere impairment." (*Id.*)  It may be a typographical error, but the order is contradictory on Plaintiff's back pain and makes it difficult to conclude the decision is supported by substantial evidence.

More significantly, there is ample medical evidence to support Plaintiff's argument on this point. John Nelson, M.D., reported that Mr. Sexton had decreased range of motion of the right knee and "pain in the right knee and the lower back on maneuvers." (Tr. 248.)  Dr. Nelson stated, "Based on today's examination and the objective medical evidence, I believe the claimant may not be able to walk, and/or stand for a full workday, and may not be able to lift/carry objects without

---

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

limitations." (*Id.*) In a more recent evaluation, Andrew Carter Wilkins, M.D., diagnosed Mr. Sexton with lumbago - lower back pain/back pain. (Tr. 263.) While the Commissioner makes fair arguments in opposition (Doc. No. 12 at 5-7), I find the ALJ's determination that Mr. Sexton's back and knee impairments were non-severe is simply not supported by substantial evidence. Therefore, remand is necessary for further development of the record.

## IV.     CONCLUSION

A reasonable mind would not accept the evidence as adequate to support the ALJ's decision because the decision does not sufficiently address Mr. Sexton's back and knee impairments. For this reason, the Court REVERSES the decision and REMANDS the case to the Commissioner for full development of limitations posed by Plaintiff's back and knee impairments.

This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 5th day of October, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE